UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Joyce Council, *on behalf of herself and others similarly situated*, | ) | Case No: |
| | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Pioneer Credit Recovery, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Joyce Council ("Plaintiff"), individually and on behalf of others similarly situated, alleges on personal knowledge, investigation of her counsel, and information and belief, as follows:

**Nature of this Action**

1.     Plaintiff brings this class action against Pioneer Credit Recovery, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice—

*****

(iii)   to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place, or cause to be placed, non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it places, or causes to be placed, autodialed and prerecorded calls to wrong cellular telephone numbers.

**Jurisdiction**

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district and as a substantial part of the events giving rise to this action occurred in this district.

6.      Specifically, Defendant directed telephone calls to Plaintiff's cellular telephone number in this district, Plaintiff received calls from Defendant in this

district, and Defendant delivered artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district.

## Parties

7.    Plaintiff is a natural person who at all relevant times resided in Jonesboro, Georgia.

8.    Defendant is a company based in Arcade, New York.

9.    Defendant is a subsidiary of Navient Corporation, which is publicly traded (NASDAQ:NAVI).

10.    Defendant states that it "handles billions of dollars in portfolios, recovering a broad spectrum of debt for multiple levels of government."[1]

11.    Defendant states that it "leverage[s] powerful collection methodologies to recover revenue more quickly and in larger amounts than most government entities – or other vendors – can recover on their own."[2]

12.    To that end, Defendant states that it utilizes "leading-edge technology," "customized skip tracing analysis," and "powerful analytics."[3]

13.    Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 040302, which it last renewed in October 2018.

---

[1]    https://pioneercreditrecovery.com/about (last visited Aug. 15, 2019)

[2]    https://pioneercreditrecovery.com/services (last visited Aug. 15, 2019)

[3]    https://pioneercreditrecovery.com/services (last visited Aug. 15, 2019)

## Factual Allegations

14.     Plaintiff is the subscriber to and customary user of her cellular telephone number (770) XXX-5071.

15.     Plaintiff has had the same cellular telephone number for more than 10 years.

16.     Defendant placed a host of calls to Plaintiff's cellular telephone number over the past year including, for example, on June 12, 2019, June 17, 2019, June 28, 2019, July 3, 2018, July 8, 2019, July 19, 2019, July 22, 2019, July 31, 2019, and August 1, 2019.

17.     Many of Defendant's calls to Plaintiff's cellular telephone number came from (973) 870-0787.

18.     Upon placing an outbound call to telephone number (973) 870-0787, a prerecorded message plays that begins, "Thank you for calling Pioneer Credit Recovery Incorporated. . . ."

19.     Plaintiff answered several of Defendant's calls to her cellular telephone number.

20.     Defendant asked for a person named Shannon Smith when it called Plaintiff's cellular telephone number.

21.    While Plaintiff knows Ms. Smith, Ms. Smith is not a relative of Plaintiff's, nor is she a subscriber or authorized user of Plaintiff's cellular telephone number.

22.    Plaintiff informed Defendant that it was calling the wrong number and that Ms. Smith could not be reached at Plaintiff's number.

23.    Despite informing Defendant on more than one occasion that it was calling the wrong number and to stop calling, Defendant's calls to Plaintiff's cellular telephone number continued.

24.    Defendant also left multiple prerecorded voice messages on Plaintiff's cellular telephone voicemail.

25.    The prerecorded messages that Defendant left on Plaintiff's cellular telephone voicemail were largely identical, and stated:

> This is an important message from Pioneer Credit Recovery. This is Mrs. Smith. The law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose.

> Call us back today at 1-888-287-0317. Thank you.

26.    Upon placing an outbound call to telephone number (888) 287-0317, a prerecorded message plays that begins, "Thank you for calling Pioneer Credit Recovery Incorporated. . . ."

27.    Plaintiff does not have, and never had, an account with Defendant.

28.    Plaintiff never provided her cellular telephone number to Defendant.

29.     Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system and/or an artificial or prerecorded voice.

30.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

31.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

32.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that

"predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

33.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

34.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

35.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

36.    Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

37.    Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

38.    Plaintiff suffered actual harm as a result of Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39.    As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

40.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

41.    Indeed, complaints to the Better Business Bureau about Defendant are similar to Plaintiff's situation.

42.    For example, on June 18, 2019, a consumer wrote:

Contacted me regarding my neighbor's debt collection. Why would they call me, regarding my neighbor. It's none of my business! More

importantly, how did they get my number? My neighbors don't even have my number![4]

43.    As another example, on February 1, 2018, a consumer wrote:

This company called my phone and my mother's phone asking for my father. The person stated my father was a possible relative of some person we've never heard of. I asked where they found my family's phone numbers and names. They did not give an answer. It left my family feeling disturbed and uneasy.[5]

44.    On April 4, 2017, a consumer wrote:

This company has been calling me non-stop apparently in relation to a neighbor. When I asked them to stop calling because I did not know the neighbor they told me it was not against the law to call me. I then shared with them some not so kind words to let them know that I did not appreciate their constant calling and voicemails.[6]

45.    Similarly, on December 6, 2016, a consumer wrote:

The company kept calling me about someone else's debt. I called in to get it resolved, and the first lady tried to give me the run around for a bit, to try and get some information out of me. I told her no, she knows the number I'm calling in on, and that's all she needs to know to stop calling me. She transferred me to someone else, who tried to give me the same run about. I stated clearly to stop the calls. The lady hung on me. I had to call in again to make sure they removed my number from their call list.[7]

---

[4]    https://www.bbb.org/us/ny/arcade/profile/collections-agencies/pioneer-credit-recovery-inc-0041-5664/customer-reviews (last visited Aug. 15, 2019).

[5]    *Id.*

[6]    *Id.*

[7]    *Id.*

46.    Other online complaints about Defendant are similar, including, for example, this July 26, 2019 review:

> They started calling us every single day over a month ago. I've told them a dozen times there is no Alicia ** here and I've had the phone number for over 21 years. They promise to adjust their records but call the next day and every day. No matter who I talk to or how many times they continue to harass us on a daily basis.[8]

**Class Action Allegations**

47.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Pioneer Credit Recovery, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Pioneer Credit Recovery, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

48.    Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

49.    The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

---

[8]    https://www.consumeraffairs.com/finance/pioneer-credit-recovery.html (last visited Aug. 15, 2019)

50.     The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

51.     The proposed class is ascertainable because it is defined by reference to objective criteria.

52.     In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

53.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

54.     Like all members of the proposed class, Plaintiff received autodialed and artificial or prerecorded voice calls from Defendant on her cellular telephone, without her consent, in violation of 47 U.S.C. § 227.

55.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

56.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

57.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

58.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

59.    There will be little difficulty in the management of this action as a class action.

60.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

61.    Among the issues of law and fact common to the class are:

  a.  Defendant's violations of the TCPA;

  b.  Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

  c.  Defendant's use of an artificial or prerecorded voice in connection with calls to cellular telephone numbers;

  d.  Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

e. the availability of statutory damages, including treble damages.

62. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
## On Behalf of Plaintiff and the Class

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

65. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Trial by Jury

Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

13

b)      Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)      Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)      Enjoining Defendant from continuing to place, or cause to be placed, calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class, without prior express consent;

f)      Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g)      Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h)      Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)      Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)      Awarding such other and further relief as the Court may deem just and proper.

Dated: August 20, 2019

Respectfully submitted,

**JOYCE COUNCIL**

*/s/ Shireen Hormozdi*
Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

**KOZONIS & KLINGER, LTD.**
Gary M. Klinger*
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

**GREENWALD   DAVIDSON   RADBIL
PLLC**
Michael L. Greenwald*
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Phone: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com

*Attorneys for Plaintiff and
the Proposed Class*

*(pro hac vice forthcoming*)